# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-530V

| | |
|---|---|
| JOSHUA D. HOWARD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 17, 2025 |

*Alexander Laufer, Eisenhower and Laufer, PC, Fairfax, VA*, for Petitioner.

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC*, for Respondent.

**DECISION DISMISSING CLAIM**[1]

On May 12, 2022, Joshua D. Howard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that he suffered Parsonage Turner Syndrome/brachial neuritis ("BN") as a result of a meningococcal vaccine administered to him on May 14, 2019. Petition at 1.

On March 14, 2023, Respondent filed a Rule 4(c) Report arguing that the claim should be dismissed. Specifically, Respondent points out that since Petitioner does not allege a Table injury, he must demonstrate a causation-in-fact claim under the applicable legal theory – which Respondent argues Petitioner has failed to do. ECF No. 20 at 7-11.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On December 26, 2024, Petitioner moved for a Decision dismissing his case. ECF No. 21. Petitioner states in his motion that "[a]n investigation of the facts and science supporting his claim[] has demonstrated to the Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." *Id.* at 1. Petitioner further states that "to proceed any further would be unreasonable would waste resources of the Court, the Respondent and the Vaccine Program." *Id.* Petitioner notes in his Motion that he "requires a judgment against him so that he may protect his rights to file a civil action in the future by electing to reject the judgment pursuant to 42 U.S.C. § 300aa-21(a)(2)." *Id.* at 2.

Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3).

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

**For these reasons, in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is <u>DISMISSED</u> for insufficient proof. The Clerk of Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.