# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-530V

|  |  |
|---|---|
| JOSHUA D. HOWARD, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 20, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Alexander Laufer, Eisenhower and Laufer, PC, Fairfax, VA, for Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 12, 2022, Joshua D. Howard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Parsonage Turner Syndrome/brachial neuritis ("BN") as a result of a meningococcal vaccine administered to him on May 14, 2019. Petition, ECF No. 1. On January 17, 2025, I issued a decision dismissing claim for insufficient proof and in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, following the Petitioner's motion to dismiss. ECF No. 22.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs.[3] Petitioner's Application for Attorney Fees and Costs ("Motion") filed July 7, 2025, ECF No. 26. Furthermore, Petitioner filed a signed statement representing that $402.00 in personal out-of-pocket expenses were incurred. ECF No. 28.

Respondent reacted to the motion on July 8, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents' Response to Motion at ECF No. 27. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage

---

[3] It is unclear precisely how much petitioner is requesting for his attorneys' costs. Petitioner indicates that he is requesting $153.12 for attorneys' costs and $968.92 for Petitioner out-of-pocket expenses on the third page of his Motion. ECF No. 26 at 3. However, the actual amount of costs and Petitioner out-of-pocket expenses based on the documentation submitted is $67.00 in attorneys' costs and $402.00 in Petitioner out-of-pocket expenses. ECF No.'s 26-3 at 1 and 28 at 2. This is reported to be comprised of the court's filing fee, photocopies, and medical records, although no receipts are attached. Accordingly, the amount to be awarded herein will be based on the actual amounts reflected in the costs statement, Petitioner's statement, and documentation submitted in support thereto which is $67.00 in attorneys' costs and $402.00 in Petitioner out-of-pocket expenses, totaling $469.00.

in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Alexander Laufer: $425.00 for work performed in 2021-2022; $450.00 for work performed in 2023; and $475.00 for work performed in 2024-2025. These rates require further examination and adjustment.

Alexander Laufer was previously awarded the following rates: $415.00 for work performed in 2021-2023 and $435.00 for work performed in 2024-2025. See *Tomlin v. Sec'y of Health & Human Servs*. No. 17-1410V, 2020 WL 6582175, at *1 (Fed. Cl. Spec. Mstr. Oct. 19, 2020); *McFadden v. Sec'y of Health & Human Servs.*, No. 16-1192V, 2024 WL 4930333, at *1 (Fed. Cl. Spec. Mstr. Nov. 4, 2024); *Haim v. Sec'y of Health & Human Servs.*, No. 15-89V, 2025 WL 919656 (Fed. Cl. Spec. Mstr. Feb. 24, 2025). I find no reason to deviate from those determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce the rates to be consistent with *Tomlin, McFadden, and Haim*. **Application of the foregoing reduces the fees to be awarded herein by $579.00.**[4]

## ATTORNEY COSTS

I have also reviewed the requested costs and find that Petitioner's counsel did not substantiate $67.00 of those costs with the required supporting documentation. ECF No.

---

[4] This amount consists of reducing Alexander Laufer's rates for 2021 and 2022 from $425.00 to $415.00, 2023 from $450.00 to $415.00, and 2024 and 2025 from $475.00 to $435.00. This is calculated as follows: ($425.00 - $415.00 = $10.00 x 23.75 hrs.) + ($450.00 - $415.00 = $35.00 x 5.3 hrs.) + ($475.00 - $435.00 = $40.00 x 3.9 hrs.) = $579.00.

26-3 at 1. I will nevertheless reimburse the requested costs in full, since the unsubstantiated amount is not particularly large. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed (or denied) award for failure to include the required description of the amounts incurred along with supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[5]

## CONCLUSION

Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent is also satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs. I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $14,196.25 (representing $13,727.25 in fees plus $67.00 in costs and $402.00 in Petitioner out-of-pocket expenses) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.